IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| VINCENT HOLLIMON, | 1:24-CV-00206-RAL |
| Plaintiff | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| vs. | MEMORANDUM OPINION ON<br>DEFENDANT'S MOTION TO DISMISS<br>THE AMENDED COMPLAINT |
| DEREK OBERLANDER, et al., | |
| Defendants | IN RE: ECF NO. 36 |

I.  **Introduction**

Defendant Derek Oberlander moves to dismiss Plaintiff Vincent Hollimon's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 36. For the reasons set forth below, the Court will grant Defendant's motion. Plaintiff will be granted the opportunity to amend his pleading.

II. **Background and Procedural History**

Hollimon, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), brought this *pro se* civil rights action against six individuals at the State Correctional Institution at Forest ("SCI-Forest") where Hollimon was previously incarcerated: Superintendent Derek Oberlander, Jane Doe Correctional Officer I, John Doe Deputy Superintendent for Centralized Services, John Doe Deputy Superintendent for Facilities Management, John Doe Corrections Classification Program Manager, and John Doe Security Captain. ECF No. 8. His Complaint alleged Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from an attack by another inmate. *See id.*

Defendant Oberlander moved to dismiss, arguing the Complaint failed to plead factual allegations sufficient to state a claim for relief or to show Oberlander's personal involvement in the violations alleged. ECF Nos. 25 & 26. The Court directed Plaintiff to file either an opposition to the motion or an amended complaint. ECF No. 27. Hollimon timely filed both a response and an Amended Complaint, ECF Nos. 34 & 35, and the Court subsequently denied Defendant's motion to dismiss as moot, *see* ECF No. 39.

As set forth in his Amended Complaint, the events giving rise to Plaintiff's claims took place at SCI-Forest between August and October of 2022. ECF No. 35, pp. 4–5. In August 2022, Hollimon was placed in solitary confinement after fighting with another inmate. *Id.*, p. 13. The misconduct report indicated Hollimon had a weapon for "beef." *Id.* In October 2022, he was released to general population and "placed on the same housing unit as the prisoner plaintiff recently had a physical altercation with." *Id.*, pp. 13–14. One evening as Hollimon walked to the medication line, the prisoner assaulted him with a lock inside of a sock. *Id.*, p. 14. This incident took place near Correctional Officer Jane Doe's assigned work post, but she was not present when the incident occurred. *Id.* Hollimon received medical treatment for head injuries, and still suffers from migraines. *Id.*, pp. 5, 14. According to Hollimon, all Defendants except Jane Doe are part of the prison's Program Review Committee ("PRC"), which makes decisions as to where inmates are housed. *Id.*, p. 14. He contends these Defendants are responsible for housing him in the same unit as the prisoner he had "issues" with. *Id.*, pp. 13–14.

Based on the foregoing, Hollimon asserts Defendants showed reckless disregard for his safety in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. *See id.*, pp. 3, 14. For relief, he seeks a declaratory judgment and compensatory and punitive damages. *Id.*, p. 14.

Defendant Oberlander now moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing Hollimon failed to correct any of the pleading deficiencies in his original Complaint. ECF Nos. 36 & 37. Defendant further submits that the more-specific-provision rule precludes Plaintiff from bringing a cruel and unusual punishment claim under the Fourteenth Amendment. Hollimon filed an opposition to the motion, ECF No. 40, and the matter is now ripe for disposition.[1]

### III. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must, under Federal Rule of Civil Procedure 8(a)(2), contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). In other words, plaintiffs must allege facts sufficient "to raise a right to relief above the speculative level" that "nudge[] their claims across the line from conceivable to plausible." *Id.* at 555, 570. Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In deciding a Rule 12(b)(6) motion, the Court accepts as true the complaint's well-pleaded factual allegations and examines them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). However, the Court is "not compelled to accept

---

[1] The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. Plaintiff and Defendant Oberlander have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case as authorized by 28 U.S.C. § 636(c). *See Carter v. Kraus*, 2025 WL 1756682, at *1 n.1 (W.D. Pa. June 25, 2025) (consent of unserved Doe defendants is unnecessary to proceed under § 636(c)).

3

unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted); *see Iqbal*, 556 U.S. at 678. The Court's focus is simply whether the challenged claims should be allowed to move forward, not whether the plaintiff will ultimately prevail on his claims. *See Twombly*, 550 U.S. at 563 n.8. Further, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents" when deciding the motion to dismiss. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Additionally, because the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, *see* ECF No. 7, his pleading is subject to the screening provisions in 28 U.S.C. § 1915(e)(2). That statute requires the Court to review the complaint for cognizable claims and *sua sponte* dismiss the action or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of the case "at any time"); *Muchler v. Greenwald*, 624 F. App'x 794, 796 (3d Cir. 2015). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008); *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Finally, because Hollimon is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff"). If the Court can reasonably read his Amended Complaint to state a valid

4

claim upon which relief can be granted, it will do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *U.S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969). But while courts construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV.    Discussion and Analysis**

The Amended Complaint appears to assert claims under the Eighth and Fourteenth Amendments based on Defendants' alleged failure to protect Hollimon from the risk of assault by another inmate. Defendant Oberlander argues the Amended Complaint fails to cure the pleading deficiencies of Hollimon's original Complaint and that the facts alleged fail to state a viable claim for relief under either theory of liability. The Court agrees.[2]

A.  Personal Involvement

To state a claim under § 1983, a plaintiff must demonstrate that each defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). When those claims implicate multiple defendants, the

---

[2] As an initial matter, the Court observes that Hollimon's Amended Complaint is a carbon copy of his original pleading. *See* ECF Nos. 8 & 35. The only apparent differences are a new reference to the Fourteenth Amendment and an increased damages claim. *See* ECF No. 35, pp. 4–5. To the extent Hollimon's brief in opposition to the motion to dismiss includes additional factual allegations not found in his Amended Complaint, they will not be addressed. *Boston v. Prime Care Med., Inc.*, 2018 WL 3032853, at *5 n.6 (E.D. Pa. June 18, 2018) (a plaintiff "may not assert new claims or rely on new facts in response to a motion to dismiss"); *Hammond v. City of Philadelphia*, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion." (collecting cases)); *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)).

plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (alterations in original) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an affirmative part in the complained-of misconduct. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" (citations omitted)); *Iqbal*, 556 U.S. at 677 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). These principles apply with equal force where the defendants are supervising prison officials. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (liability for supervisory officials must still be based on "personal involvement in the alleged wrongs"); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (liability must be demonstrated by showing that the defendant personally directed or, with actual knowledge, acquiesced in the conduct). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F. Supp. 2d 776, 782 (W.D. Pa. 2013) (dismissing claims against certain defendants because the complaint was "devoid of any facts suggesting that [they] . . . had any personal involvement" in the alleged Eighth Amendment violation).

Here, the Amended Complaint fails to sufficiently plead Defendant Oberlander's personal involvement in the alleged deprivation of Hollimon's constitutional rights. The only averment specific to Defendant Oberlander is that, as the Superintendent of SCI-Forest, he "is legally responsible for the overall operation of [SCI-Forest] and for the welfare of all prisoners in that prison." ECF No. 35, p. 12. But supervisory liability "cannot be predicated solely on the operation

6

of respondeat superior," *Evancho*, 423 F.3d at 353 (citation omitted), and "merely hypothesiz[ing] that [Superintendent Oberlander] may have been somehow involved simply because of his position" does not create a plausible basis for inferring his personal involvement, *id.* at 354. Hollimon has not pleaded with any particularity Oberlander's participation in, or actual knowledge of and acquiescence to, the alleged actions of the Doe Defendants. Because the allegations here fall well short of the standard for personal involvement, dismissal of Hollimon's claims against Defendant Oberlander is warranted on this basis. *See Carroll v. Delaware County*, 2023 WL 2868020, at *19 (E.D. Pa. Apr. 10, 2023) ("Generalized allegations a supervisory state actor is 'in charge of' or 'responsible for' an office or facility are insufficient to allege personal involvement in an underlying constitutional violation."); *Kloss v. SCI-Albion*, 2018 WL 4609144, at *4 (W.D. Pa. Aug. 15, 2018) (allegation that supervisory defendant is legally responsible for operation of prison and welfare of its inmates is insufficient to show personal involvement), *report and recommendation adopted*, 2018 WL 4599814 (W.D. Pa. Sept. 25, 2018).

    B. Eighth Amendment Failure to Protect

The Eighth Amendment "impose[s] a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To state a plausible claim for failure to protect from inmate violence, a plaintiff must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the defendant acted with deliberate indifference to that risk, and (3) the defendant's deliberate indifference caused the plaintiff to suffer harm. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds as recognized by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020). This standard has both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy

7

the objective requirement, the plaintiff must show an "objectively, 'sufficiently serious'" risk of harm. *Id.* (citation omitted). As to the subjective component, a prison official's conduct violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; *see also Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (the "defendant must actually have known or been aware of the excessive risk to inmate safety"). Thus, to satisfy the subjective requirement, the plaintiff must show the defendants: (1) were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists"; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk. *Farmer*, 511 U.S. at 837.

Although Hollimon contends Defendants violated his constitutional rights by failing to protect him from the alleged assault, the facts set forth here are insufficient to show that any Defendant acted with deliberate indifference. Hollimon avers the John Doe Defendants are responsible for housing him on the same unit as the prisoner he had "issues" with. But the Amended Complaint does not allege facts to support that these Defendant knew Hollimon's housing placement posed a substantial risk of serious harm to his health or safety. *See Farmer*, 511 U.S. at 834 (not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety"). The Amended Complaint alleges only that Hollimon previously had an altercation with the prisoner who later assaulted him. It does not explain the nature or circumstances of the prior altercation, nor does it plead facts suggesting Defendants had reason to know the prisoner would attack Hollimon and did nothing to stop the conduct that caused Hollimon injury. *See, e.g., Hodges v. Wilson*, 341 F. App'x 846, 849 (3d Cir. 2009) (single incident occurring two years prior did not establish prison officials knew of and disregarded excessive risk to inmate's safety). For example, there is no indication

that Hollimon alerted any of the Defendants to a conflict, or complained that he needed protection, or requested to be relocated to a different unit. *See, e.g.*, *Davis v. Williams*, 354 F. App'x 603, 606 (3d Cir. 2009) (finding counselor was at most negligent in failing to protect plaintiff from assault, where although plaintiff told counselor inmate falsely called him a child molester, plaintiff did not complain about a specific threat, had a history of altercations with other inmates, and never requested a transfer for protection); *Jones v. Beard*, 145 F. App'x 743, 745 (3d Cir. 2005) (complaints to multiple guards that plaintiff was not getting along with cellmate and wanted a new cell assignment failed to "articulate[] specific threats of serious harm").

For these same reasons, the Amended Complaint does not support an inference that Jane Doe's alleged absence from her assigned post evidences deliberate indifference to a known risk to Hollimon's safety. As this Court has previously observed, "Eighth Amendment liability cannot be based on simple negligence or lack of due care," nor can a defendant "be liable for failing to protect a plaintiff from a risk of harm concerning which he has no knowledge." *Grier v. Clark*, 2020 WL 2105859, at *4, *5 (W.D. Pa. Apr. 7, 2020), *report and recommendation adopted*, 2020 WL 2104794 (W.D. Pa. May 1, 2020); *see Fantauzzi v. Wetzel*, 2019 WL 4543095, at *9 (E.D. Pa. Sept. 18, 2019) (allegations of defendant's negligence, "including sleeping at his post at the time of the assault," are "not deliberate indifference absent a more specific connection to the harm"). The Amended Complaint also does not offer any facts that could support a plausible claim that Jane Doe had a reasonable opportunity to stop the assault but did not. *See Bistrian*, 696 F.3d at 371.

Finally, Hollimon's insufficient allegations of personal involvement negate his ability to establish Defendant Oberlander's deliberate indifference. *See Van Tassel v. Piccione*, 608 F. App'x 66, 69–70 (3d Cir. 2015) (non-specific allegations that broadly implicate a defendant

without delineating individual conduct are legally insufficient); *e.g.*, *Williams v. Pa. Dep't of Corr.*, 2023 WL 2655406, at *9 (W.D. Pa. Feb. 2, 2023), *report and recommendation adopted*, 2023 WL 2652298 (W.D. Pa. Mar. 27, 2023); *Grier*, 2020 WL 2105859, at *3–4.

In short, the Amended Complaint pleads no facts about any Defendant's personal knowledge of a particular risk to Hollimon prior to the alleged attack. As such, nothing in his pleading supports an inference that any Defendant acted with deliberate indifference to a substantial risk of serious harm to Hollimon posed by his conditions of confinement. The Amended Complaint therefore fails to state an Eighth Amendment claim based on Defendants' alleged failure to protect Hollimon from inmate-on-inmate violence.

C. Fourteenth Amendment

The Amended Complaint's single citation to the Fourteenth Amendment is wholly insufficient to state a plausible claim for relief. Additionally, the "more-specific-provision" rule precludes Hollimon from bringing a failure to protect claim under the Fourteenth Amendment. "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *United States v. Lanier,* 520 U.S. 259, 272 n.7 (1997)). Relevant here, when an inmate's "claims concern his conditions of confinement and an alleged failure by Defendants to ensure his safety," the "allegations fit squarely within the Eighth Amendment's prohibition on cruel and unusual punishment" and "the more-specific-provision rule forecloses [the inmate's] substantive due process claims." *Id.*; *see also Hubbard v. Taylor*, 399 F.3d 150, 164–66 (3d Cir. 2005) (Eighth Amendment applies to claims concerning inmate's conditions of confinement after he was convicted and sentenced). Accordingly, because

10

the Eighth Amendment provides an explicit source of protection for deliberate indifference to an inmate's safety, Hollimon's Fourteenth Amendment claim—to the extent one is asserted—is preempted by the Eighth Amendment.

D. Leave to Amend

*Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), *abrogated on other grounds by Iqbal*, 556 U.S. at 678. In this case, it would be futile to allow Hollimon to amend his Fourteenth Amendment failure to protect claim. The Court will therefore dismiss this claim with prejudice.

However, amendment may not be futile as to his Eighth Amendment claim. Though the Court previously afforded Hollimon an opportunity to replead this claim, his Amended Complaint did not correct the deficiencies noted in Defendant's earlier motion to dismiss. Nevertheless, because Hollimon may be able to allege additional facts to sufficiently assert the Eighth Amendment claim, the Court will provide him a final opportunity to amend and cure the deficiencies in his pleading. Accordingly, the Court will dismiss Hollimon's Eighth Amendment claim without prejudice and will permit him to file a second amended complaint.

Hollimon is advised that an amended complaint must be complete in all respects and takes the place of the original complaint. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("an amended pleading supersedes the original pleading and renders the original pleading a nullity"). This means that his Second Amended Complaint must stand on its own and may not incorporate by reference or otherwise rely on the allegations or claims of the original Complaint. As such, the Second Amended Complaint must again identify each party and allege the "claims in short, concise, and plain statements." Fed R. Civ. P. 8. Hollimon should be as specific as possible

11

about the particulars of his claim, and should explain to the Court how each defendant's behavior, action, or inaction contributed to the alleged constitutional violation. The Court expresses no opinion as to the legal viability of his claims. If Hollimon fails to file a Second Amended Complaint within sixty (60) days of the date of the Court's Order, this action will be dismissed with prejudice and without further notice.[3]

## V.     Conclusion

For the foregoing reasons, Defendant Oberlander's motion to dismiss the Amended Complaint will be GRANTED. Pursuant to the motion and the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), Hollimon's Fourteenth Amendment claim is dismissed with prejudice for failure to state a claim. His Eighth Amendment failure to protect claim is dismissed without prejudice and with leave to file an amended complaint.

---

[3] Though Hollimon is entitled to service by the United States Marshals Service, 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), it is highly unlikely that the Marshals Service could properly serve any Doe Defendants without more precise identifying information such as first and/or last name or physical description. Therefore, in order to facilitate a more effective attempt at service of any amended pleading filed by Hollimon, the Court is inclined to adopt the approach taken by the Second Circuit in *Davis v. Kelly*, 160 F.3d 917 (2d Cir. 1998). In *Davis*, the court recognized "the appropriateness of maintaining supervisory personnel as defendants in lawsuits stating a colorable claim until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability." *Id.* at 920. Though the Third Circuit has not explicitly adopted this approach, it has recognized the difficulties presented where a *pro se* plaintiff could only provide limited information for the Marshals Service for purposes of serving the defendants identified as employees of the City of Philadelphia. *Wyatt v. Municipality of Philadelphia*, 718 F. App'x 102 (3d Cir. 2017). To this end, the Third Circuit seems to have sanctioned the use of an employer or supervisor as a placeholder for unknown defendants for the limited purpose of assisting a *pro se* plaintiff in obtaining sufficient information to effect proper service. *Id.* at 105 ("service on the City itself should be easily effected and the City should take appropriate steps to identify the individual defendants based on the information that Wyatt has provided"); *see also Alston*, 363 F.3d at 233 n.6 (district courts "should strongly consider granting" early discovery to identify unknown defendants in *pro se* civil rights cases filed by incarcerated litigants who "may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps").

Accordingly, the Court will at this time maintain Superintendent Oberlander as a Defendant in this matter for the limited purpose of assisting Hollimon in identifying the unnamed Doe Defendants. This means that if Hollimon is able to identify the Doe Defendants from the discovery provided by Superintendent Oberlander, he should name them as Defendants in the Second Amended Complaint if he still seeks to sue them, and should reassert any and all factual bases for his claims against them. Should Hollimon be unable to identify these Defendants after reasonable discovery efforts, the Court will entertain appropriate motions from Oberlander.

As outlined further in the Order accompanying this Memorandum, Superintendent Oberlander will remain as a Defendant in this action for the purpose of providing limited discovery in aid of identifying the unserved Defendants. Oberlander will have thirty (30) days from the date of the Order to furnish Hollimon with this discovery. Hollimon will have sixty (60) days from the date of the Order to amend his pleading, both as to identifying the unserved Defendants and otherwise in accordance with this Memorandum.

A separate order follows.

DATED this 27th day of October, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE