IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| VINCENT HOLLIMON, Plaintiff | 1:24-CV-00206-RAL |
| vs. | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| DEREK OBERLANDER, et al., Defendants | MEMORANDUM OPINION ON DEFENDANT OBERLANDER'S MOTION TO DISMISS THE AMENDED COMPLAINT AND CORRECTIONS DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT |
| | IN RE: ECF NOS. 64, 69 |

## I. Introduction

Defendant Derek Oberlander moves to dismiss Plaintiff Vincent Hollimon's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 64. Defendants Blicha, Fiscus, Gustafson, Hill, Mongelluzzo, and Robinson (collectively, "Corrections Defendants") also move for dismissal under Rule 12(b)(6). ECF No. 69. For the reasons set forth below, the Court will grant Defendants' motions and dismiss this action with prejudice.

## II. Background and Procedural History

Hollimon, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), brought this this pro se civil rights action against several individuals at the State Correctional Institution at Forest ("SCI-Forest") where

Hollimon was previously incarcerated. His Complaint alleged that corrections officials violated his rights under the Eighth Amendment when they failed to protect him from an attack by another inmate. *See generally* ECF No. 8. Earlier in this litigation, Defendant Oberlander moved to dismiss the Complaint for failure to state a claim upon which relief can be granted, ECF No. 25, and the Court directed Plaintiff to file either an opposition to the motion or an amended complaint, ECF No. 27. Hollimon timely filed his Amended Complaint, ECF No. 35, and the Court subsequently denied the motion to dismiss as moot, *see* ECF No. 39. Defendant Oberlander again moved to dismiss, arguing Hollimon failed to correct any of the deficiencies in his original pleading. ECF No. 36. The Court agreed, finding the Amended Complaint failed to plead facts to support that any Defendant acted with deliberate indifference to a known risk of serious harm to Hollimon. ECF No. 50, pp. 8–10. The Court further found that, to the extent Hollimon asserted a Fourteenth Amendment failure to protect claim, such claim was preempted by the Eighth Amendment under the "more specific provision" rule. *Id.*, pp. 10–11. The Court therefore dismissed the Fourteenth Amendment claim with prejudice. ECF No. 51. The Court dismissed the Eighth Amendment claim without prejudice and granted Hollimon a final opportunity to amend his pleading. *Id.*

Thereafter, Hollimon filed his Second Amended Complaint ("SAC") naming twelve individuals at SCI-Forest as Defendants: Superintendent Derek Oberlander, Deputy Superintendent of Facilities Management E. Mongelluzzo, Deputy Superintendent of Centralized Services M. Blicha, Corrections Classification

Program Manager I. Gustafson, PSS A. Flemming, Hearing Examiner L. Fiscus, Jane Doe Correctional Officer I, John Doe Head of Security, RN Kathleen Hill, CRNP C. Austin-Strick, CRNP R. Geenander, and D. Robinson. ECF No. 62.[1] As set forth in the SAC, the events giving rise to Plaintiff's claims took place at SCI-Forest between August and November of 2022. ECF No. 62, pp. 4–6. On August 27, 2022, Hollimon got into an argument with another inmate who stated, "tomorrow I will be at your cell." *Id.*, p. 4. The following day, Hollimon requested to be placed in protective custody and was denied. *Id.* The inmate approached his cell, and Hollimon "put two batteries in two socks . . . to be safe." *Id.*, pp. 4–5. A misconduct report attached to the SAC indicates CO Robinson observed Hollimon arguing with an inmate in the dayroom, and, upon intervening, noticed the sock hanging out of Hollimon's pocket. *See* ECF No. 62-1, p. 6. CO Robinson charged Hollimon with refusing to obey an order and possession of contraband and placed him on a security hold pending formal resolution by the hearing examiner. *Id.* Defendant Hill completed a Mental Health/Intellectual Disability Consultation for Disciplinary Disposition Form and noted Plaintiff stated the following: "I was attacked in the dayroom. It's on camera. I was protecting myself. I pressed my button and asked for self-lockup but they laughed at me." ECF No. 62, p. 5. At the August 30, 2022 disciplinary hearing before Defendant Fiscus, Hollimon repeated his request to be placed in self-lockup and stated his life was in danger; Fiscus sanctioned him to 30 days in the RHU. *Id.*, pp.

[1] Though not specified in the SAC, Hollimon states in subsequent filings that he sues Defendants solely in their individual capacities. *See* ECF No. 82, p. 3; ECF No. 83, p. 5. As such, the Court need not address Defendants' arguments regarding official capacity claims and Eleventh Amendment immunity.

5, 7. On September 23, 2022, Hollimon met with Program Review Committee ("PRC") members Defendants Mongelluzzo, Blicha, Gustafson, and Flemming. *Id.*, p. 5. Hollimon again stated he had a weapon because his life was in danger and requested self-lockup, and the PRC informed Hollimon he was being released to general population. *Id.* On November 10, 2022, Hollimon left his cell to walk to the medication line and "felt a knock on his head." *Id.*, p. 6. He took off running while continuing to receive blows to his head, hands, and arms. *Id.* The incident lasted two to three minutes before officers stopped it; although the incident took place near Defendant Jane Doe's assigned work post, she was not present when the attack occurred. *Id.*, pp. 3, 6. Plaintiff saw CRNP Austin-Strick on November 13, 2022, and she recommended a facial x-ray. *Id.*, p. 6. On November 16, 2022, he told CRNP Geenander he was having issues with chewing hard and soft food. *Id.*

Based on the foregoing, Hollimon asserts Defendants violated his rights under the Eighth Amendment to the United States Constitution by failing to protect him from being attacked by another inmate. *Id.*, p. 8. For relief, he seeks a declaratory judgment and compensatory and punitive damages. *Id.*

In support of his motion to dismiss the SAC, Defendant Oberlander argues that, like Hollimon's prior pleadings, the SAC fails to allege facts to support a failure to protect claim against him. ECF Nos. 64 & 65. Hollimon did not file an opposition to the motion. Instead, he moved to sever Defendant Oberlander and proceed on his claims against the remining Defendants. ECF No. 82. Consequently, the Court concludes that Plaintiff is either not asserting a claim against Defendant Oberlander

or has elected to abandon his claims against this Defendant. *See Lada v. Del. Cnty. Cmty. Coll.*, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) ("plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested"); *e.g.*, *Tambasco v. U.S. Dep't of Army*, 2018 WL 1203466, at *2 (M.D. Pa. Mar. 8, 2018) (dismissing claim as unopposed where the plaintiff failed to respond to arguments in defendants' motion to dismiss). Accordingly, the Court will dismiss with prejudice the claims against Defendant Oberlander and direct the Clerk of the Court to terminate him as a defendant in this action.

Corrections Defendants also move for dismissal under Rule 12(b)(6). ECF No. 69. They argue the SAC fails to plead the personal involvement of Defendant Robinson, and further fails to show that they were aware of any specific risk of harm to Plaintiff. ECF No. 70. Hollimon filed an opposition to their motion, ECF No. 83, and the matter is now ripe for disposition.[2]

## III. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must, under Federal Rule of Civil Procedure 8(a)(2), contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This

[2] The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case as authorized by 28 U.S.C. § 636(c). *See Carter v. Kraus*, 2025 WL 1756682, at *1 n.1 (W.D. Pa. June 25, 2025) (consent of unserved Doe defendants is unnecessary to proceed under § 636(c)).

"requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). In other words, plaintiffs must allege facts sufficient "to raise a right to relief above the speculative level" that "nudge[] their claims across the line from conceivable to plausible." *Id.* at 555, 570. Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In deciding a Rule 12(b)(6) motion, the Court accepts as true the complaint's well-pleaded factual allegations and examines them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted); *see Iqbal*, 556 U.S. at 678. The Court's focus is simply whether the challenged claims should be allowed to move forward, not whether the plaintiff will ultimately prevail on his claims. *See Twombly*, 550 U.S. at 563 n.8. Further, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents" when deciding the motion to dismiss. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Additionally, because the Court granted Plaintiff leave to proceed in forma pauperis in this action, *see* ECF No. 7, his pleading is subject to the screening

provisions in 28 U.S.C. § 1915(e)(2). That statute requires the Court to review the complaint for cognizable claims and *sua sponte* dismiss the action or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of the case "at any time"); *Muchler v. Greenwald*, 624 F. App'x 794, 796 (3d Cir. 2015). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008); *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Finally, because Hollimon is proceeding pro se, his allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff"). If the Court can reasonably read his SAC to state a valid claim upon which relief can be granted, it will do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *U.S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969). But while courts construe pro se pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to

support a valid claim, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. Discussion and Analysis

The essence of Hollimon's claim is that Defendants failed to protect him from being attacked when they housed him on the same unit as the inmate with whom he had "issues," despite Hollimon's prior warnings and requests to be placed in protected custody. Corrections Defendants argue the facts alleged remain insufficient to state a failure to protect claim against any Defendant. The Court agrees.[3]

### A. Personal Involvement

To state a claim under § 1983, a plaintiff must demonstrate that each defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). When those claims implicate multiple defendants, the plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (alterations in original) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2005)). This means that each defendant must have played an affirmative part in the complained-of misconduct.

[3] To the extent Hollimon's brief in opposition to Corrections Defendants' motion to dismiss includes additional factual allegations not found in his SAC, they will not be considered. *Boston v. Prime Care Med., Inc.*, 2018 WL 3032853, at *5 n.6 (E.D. Pa. June 18, 2018) (a plaintiff "may not assert new claims or rely on new facts in response to a motion to dismiss"); *Hammond v. City of Philadelphia*, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion." (collecting cases)); *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)).

*See Baraka*, 481 F.3d at 210 ("A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" (citations omitted)). These principles apply with equal force where the defendants are supervising prison officials. *See Iqbal*, 556 U.S. at 677 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (liability for supervisory officials must still be based on "personal involvement in the alleged wrongs"); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (liability must be demonstrated by showing that the defendant personally directed or, with actual knowledge, acquiesced in the conduct). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g.*, *Mearin v. Swartz*, 951 F. Supp. 2d 776, 782 (W.D. Pa. 2013) (dismissing claims against certain defendants because the complaint was "devoid of any facts suggesting that [they] . . . had any personal involvement" in the alleged Eighth Amendment violation).

Here, the SAC wholly fails to plead Defendant Robinson's personal involvement in the alleged deprivation of Hollimon's constitutional rights. There are no averments specific to Robinson; rather, Hollimon merely listed Robinson in the caption of the SAC. The SAC likewise fails to sufficiently plead the personal involvement of Defendants Austin-Strick and Geenander in any unconstitutional conduct. As with Robinson, Hollimon lists Austin-Strick and Geenander in the caption of the SAC but does not identify them as Defendants in the body of his

pleading. Additionally, the only averments specific to these Defendants are that, following the attack, 1) Hollimon saw Austin-Strick and she recommended x-rays, and 2) Hollimon told Geenander he was having issues chewing food. ECF No. 62, p. 6. Such assertions cannot be reasonably construed to show the actual knowledge necessary for these Defendants to be found personally liable for the alleged Eighth Amendment violation asserted here.

Accordingly, because the allegations here fall well short of the standard for personal involvement, Hollimon's claims against Defendants Robinson, Austin-Strick, and Geenander will be dismissed.[4]

B. Eighth Amendment Failure to Protect

The Eighth Amendment "impose[s] a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. To state a plausible claim for failure to protect from inmate violence, a plaintiff must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the defendant acted with deliberate indifference to that risk, and (3) the defendant's deliberate indifference caused the plaintiff to suffer harm.

[4] Hollimon's insufficient allegations of personal involvement negate his ability to state a plausible claim against Defendants Robinson, Austin-Strick, and Geenander. *See Van Tassel v. Piccione*, 608 Fed. Appx. 66, 69–70 (3d Cir. 2015) (non-specific allegations that broadly implicate a defendant without delineating individual conduct are legally insufficient).

*Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds as recognized by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020). This standard has both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective requirement, the plaintiff must show an "objectively, 'sufficiently serious'" risk of harm. *Id*. (citation omitted). As to the subjective component, a prison official's conduct violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; *see also Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (the "defendant must actually have known or been aware of the excessive risk to inmate safety"). Thus, to satisfy the subjective requirement, the plaintiff must show the defendants: (1) were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists"; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk. *Farmer*, 511 U.S. at 837.

The facts set forth here fail to support that any Defendant acted with deliberate indifference to a known risk to Hollimon's safety. Hollimon contends the Security Captain[5] and PRC Defendants are responsible for housing him on the same unit as the prisoner with whom he had "issues," despite Plaintiff informing Defendants he had a weapon because his life was in danger and he wanted to take self-lockup. But the SAC does not allege facts to support that these Defendant knew

[5] Listed in the SAC as "John Doe Head of Security" and identified in Plaintiff's reply brief as Security Captain Kundick.

Hollimon's housing placement posed a substantial risk of serious harm to his health or safety.[6] It does not explain *why* housing Hollimon on the same unit as an inmate he previously argued with posed an excessive risk to his safety, nor does it plead facts suggesting Defendants had reason to know the inmate might harm Hollimon and did nothing to stop the conduct that caused Hollimon injury. *See, e.g.*, *Hodges v. Wilson*, 341 F. App'x 846, 849 (3d Cir. 2009) (single incident occurring two years prior did not establish prison officials knew of and disregarded excessive risk to inmate's safety).

For example, there is no indication Hollimon alerted any of the Defendants to a specific threat, that prison officials knew the other inmate to be violent,[7] or that, aside from the August 2022 argument, there were "long-standing, pervasive, well-

[6] The allegations against Defendants Fiscus and Hill are even more attenuated, and, particularly as to causation, too speculative to support a failure to protect claim. Hollimon avers he informed these Defendants during the misconduct proceedings that he had a weapon because his life was in danger and that he wanted self-lockup. But there are no allegations to support that Fiscus or Hill had any involvement in, or responsibility for, the decision where to house Plaintiff following his release from the RHU, let alone that they were aware of a specific threat to Hollimon and disregarded that risk. *See, e.g.*, *Blakeney v. Harry*, 2026 WL 2521472, at *7 (M.D. Pa. Aug. 25, 2026) (allegation that plaintiff told certain defendants he had "tension" with another inmate and they were not supposed to be cellmates failed to show defendants "knowingly and unreasonably disregard[ed] an *objectively intolerable* risk of harm" (alterations in original) (quoting *Farmer*, 511 U.S. at 846)). As this Court has previously observed, "Eighth Amendment liability cannot be based on simple negligence or lack of due care," nor can a defendant "be liable for failing to protect a plaintiff from a risk of harm concerning which he has no knowledge." *Grier v. Clark*, 2020 WL 2105859, at *4, *5 (W.D. Pa. Apr. 7, 2020), *report and recommendation adopted*, 2020 WL 2104794 (W.D. Pa. May 1, 2020).

The allegations against Defendant Jane Doe fare no better. The extent of her involvement in the events at issue is that she was allegedly absent from her assigned post when Hollimon was attacked. This generally and conclusory allegation fails to plead deliberate indifference to a known risk to Hollimon's safety. *See, e.g.*, *Fantauzzi v. Ferraci*, 2019 WL 6468584, at *9 (E.D. Pa. Nov. 29, 2019) (allegations of defendant's negligence, including sleeping at his post at the time of the assault, are "not deliberate indifference absent a more specific connection to the harm"). Nor does the SAC plead any facts that could support a plausible claim that Jane Doe had a reasonable opportunity to stop the assault but did not. *See Bistrian*, 696 F.3d at 371.

[7] Even if Hollimon so alleged, "the risk that an inmate with a history of violence might attack another inmate for an unknown reason" is too "speculative" to support a deliberate indifference claim. *Bistrian*, 696 F.3d at 371.

documented, or previously noted tensions" between Hollimon and the inmate. *Blackstone v. Thompson*, 568 Fed. Appx. 82, 84 (3d Cir. 2014) (generalized complaint that plaintiff was not "getting along" and did not "feel comfortable" with cellmate, who had a history of violence, insufficient to show deliberate indifference); *see, e.g.*, *Jones v. Beard*, 145 Fed. Appx. 743, 745 (3d Cir. 2005) (complaints to multiple guards that plaintiff was not getting along with cellmate and wanted a new cell assignment failed to "articulate[] specific threats of serious harm"); *O'Connell v. Williams*, 241 F. App'x 55, 58 (3d Cir. 2007) (similar, finding such allegations insufficient to show subjective awareness of a serious risk of harm); *Davis v. Williams*, 354 Fed. Appx. 603, 606 (3d Cir. 2009) (finding counselor was at most negligent in failing to protect plaintiff from assault, where although plaintiff told counselor inmate falsely called him a child molester, plaintiff did not complain about a specific threat, inmate did not have a history of altercations with other inmates, and plaintiff never requested a transfer for protection). Hollimon also does not elaborate on his assertion that he believed his life was in danger, nor does he include any details about what, if anything, he communicated to Defendants about the specific reasons why he feared for his safety. *See Ned v. Kardin*, 779 Fed. Appx. 75, 76 (3d Cir. 2019) (something more than an "out-of-the-blue and unadorned 'I'm-in-trouble' entreaty" is required "to sustain an Eighth Amendment claim" (quoting *Bistrian*, 696 F.3d at 369–70)); *e.g.*, *Horan v. Gross*, 2023 WL 1805843, at *8 (M.D. Pa. Feb. 7, 2023) (finding inmate's "vague allegations of 'threats'" insufficient to support deliberate indifference claim; inmate did not allege specific threats or context in which they were made, nor any

supporting facts to indicate threats were credible or put him at substantial risk of harm). Further, the alleged attack occurred on November 11, 2022, two and a half months after Hollimon argued with the inmate, and almost a month and a half after Hollimon's release from the RHU. Hollimon alleges no threats to his safety during this period, nor does he allege any conversations with prison officials following his release from the RHU wherein he voiced concerns or requested protection.

For all these reasons, the SAC fails to support any Defendant's personal knowledge of an objectively serious risk to Hollimon's safety. Rather, the allegations here comprise only a generalized, hypothetical threat to inmate safety that the Third Circuit and other courts have routinely deemed too speculative to support an Eighth Amendment claim. As such, nothing in Hollimon's pleading supports an inference that any Defendant was deliberately indifferent to a substantial risk of serious harm to Hollimon posed by his conditions of confinement, or that Defendants' deliberate indifference caused Hollimon's harm. The SAC therefore fails to state an Eighth Amendment claim based on Defendants' alleged failure to protect Hollimon from inmate-on-inmate violence.

C. Leave to Amend

Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), *abrogated on other grounds by Iqbal*, 556 U.S. at 678. However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has

been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 4057179, at *8 (W.D. Pa. Aug. 27, 2018) (internal quotations and citation omitted). Indeed, a district court's "substantial leeway in deciding whether to grant leave to amend" is "even broader" where "the court has already granted the requesting party an opportunity to amend its complaint." *Lake v. Arnold*, 232 F.3d 360, 373–74 (3d Cir. 2000).

This action is currently proceeding on the third iteration of Hollimon's complaint, and he "has yet to articulate any set of facts on which these defendants could be held liable," nor did he "set forth facts to support an effective amendment in h[is] opposition to their motions to dismiss." *Van Tassel*, 608 F. App'x at 70 n.3. Thus, given the nature of the defects in Hollimon's claims, and considering that Hollimon has previously been put on notice of the defects in his pleading via Defendants' motions to dismiss and twice permitted to file an amendment, the Court finds it would be futile to allow Hollimon to file another amended complaint. The Court will therefore dismiss this action with prejudice. *See, e.g.*, *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (affirming dismissal of certain claims, reasoning plaintiff "already had two chances to tell his story . . . [s]o giving him further leave to amend would be futile"); *Jones v. City of Phila. Hous. Dep't*, 573 F. App'x 138, 139 (3d Cir. 2014) (affirming dismissal with prejudice for failure to state a claim where any further amendment would be futile).

## V. Conclusion

For the foregoing reasons, Defendant Oberlander's and Corrections Defendants' motions to dismiss the Second Amended Complaint will be GRANTED.

Pursuant to the motions and the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), this action will be dismissed with prejudice for failure to state a claim.

A separate order follows.

DATED this 23rd day of September, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE